FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 07 2023

MITCHELL R. ELFERS
CLERK OF COURT

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
THE PERSON OF LESTAT CREE VALDEZ, FORMERLY OF 2 NANA COURT, MESCALERO, NM; CURRENTLY INCARCERATED

Case No. 23-1164 MR

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, which attached and incorporated fully by reference herein

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A, which attached and incorporated fully by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 113(c) | Assault with a Dangerous Weapon |
| 18 USC 1153 | Offenses Committed Within Indian Country |

The application is based on these facts:
See Attachment

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent David Gabriel
Printed name and title

Sworn to before me ~~and signed in my presence~~. VIA TELEPHONE.

Date: 6/7/23

_____
Judge's signature

City and state: Las Cruces, NM

U.S. Magistrate Gregory J. Fouratt
Printed name and title

## ATTACHMENT A

### Person to Be Searched

This warrant applies to the person of Lestat Cree Valdez, currently incarcerated, formerly living at 2 Nana Court, Mescalero, NM. Lestat's date of birth is 04-26-2003 and a photograph of him is below. I have personally interviewed him last month and am confident I will be able to identify him again in person prior to collection of the sample.



## ATTACHMENT B

### Particular Things to be Seized

Hair samples taken from the head of Lestat Cree Valdez sufficient for laboratory testing for the presence of LSD.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE PERSON OF LESTAT CREE VALDEZ, FORMERLY OF 2 NANA COURT, MESCALERO, NM; CURRENTLY INCARCERATED | Case No. __ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, David S. Gabriel, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent (SA) of the FBI since May of 2018. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned to the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. Prior to my current position, I was employed for six years as an analyst and briefer in a federal intelligence service. I am currently assigned to investigate violations of federal law, including Indian Country Crimes, assaults on federal officers, and violent crimes against children.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. This Affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the person of Lestat Cree Valdez, to include the collection of hair samples, which are potential evidence of a violation of Title 18 U.S.C. §§ 1153 and 113(a)(3), Assault with a Deadly Weapon in Indian Country. There is also probable

cause to search the person described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

4.      On May 18, 2023, at about 8:20 a.m., your affiant received a notification from the Bureau of Indian Affairs (BIA) Mescalero Dispatch that a tribal member had been stabbed on the Mescalero Apache Indian Reservation. Your affiant responded to the scene of the incident, which I know from my experience, is within the confines of the Mescalero Apache Indian reservation. Once there, I spoke to a minor witness, hereinafter W1, who relayed the following information to me:

5.      That morning, W1 had been asleep in his/her bed when he/she heard the victim (who is a familial relative of W1), hereinafter Victim 1, call out for help from downstairs, where Victim 1 had been sleeping on the couch. W1 exited his/her room and observed Lestat Valdez, an adult man, striking Victim 1, who was balled up on the couch. W1 chased Valdez out of the house. While Valdez was fleeing, W1 observed him to be carrying some type of object in his hand. W1 then turned back to Victim 1, who was now bleeding "like a faucet" at which point W1 realized that Lestat had been stabbing—not striking—V1. W1 then provided medical aid to Victim 1 until law enforcement and EMS were able to arrive. W1 told me that although Lestat and Victim 1 have had arguments before, relations between them were good prior to the incident. W1 also told me that a hunting knife was missing from his/her room.

6.      With the consent of W1 and other family members present, I conducted a search of the house. In the living room, hallway, and bathroom I observed a large quantity of blood on the couch and floor, along with bloody clothes that W1 told me they had used in an attempt to

staunch the bleeding. I photographed the scene and collected some of these items, including the bloody shirt Victim 1 was wearing when they had been stabbed.

7. I, along with other personnel on scene, then conducted a search for the weapon used in the assault, including in the house, in the yard, down the street he fled, in an abandoned house he was thought to be hiding in, and the woods. However, we were unsuccessful in locating the weapon.

8. Later in the day, Lestat turned himself into the authorities. He was transported to the Lincoln County Medical Center for evaluation. I met him there, and after reading his Miranda warnings verifying that he was lucid, Lestat waived his rights and I conducted a custodial interview. In that interview, Lestat told me that he had ingested "acid" (the common street name for Lysergic Acid Diethylamide, or LSD) and two unknown drugs, at which point he lost control of his body. During this "trip" he observed himself attacking V1 with an object like "Michael Myers," a fictional horror movie character who often stabs his victims with a large knife in an overhand icepick grip. Lestat made a downward stabbing motion to demonstrate. After fleeing when W1 yelled at him, Lestat fled the house into the woods, where he eventually fell, paralyzed by the drugs. He estimates he was incapacitated for around three hours, at which point he regained control of himself. Lestat then called the police and surrendered himself without further incident. Lestat stated that he accepted responsibility for attacking V1, even though he maintains it was the drugs, and asked me to convey his apology to V1 when I saw him/her. During his trip, Lestat saw himself carrying an object, but did not know what had happened to it.

9. As I exited the medical facility, another witness, herinafter W2, approached me and told me that Lestat, who had lived with her previously, had expressed homicidal and suicidal ideation related to V1.

10. On May 19, 2023, I interviewed V1 at the University Medical Center in El Paso, where W1 and another family member were present. V1 was in a hospital bed and had dried blood and visible wounds on his/her head. V1 stated he/she had additional wounds covered by clothing and blankets. V1 told me they had been sleeping and then felt a pain in his/her head, which woke V1. V1 described being stabbed multiple times by Lestat and crying out for help. V1 felt the warm liquid of blood on his/her body and in his/her eyes, blinding him/her, and struggled to breathe from his/her injuries. W1 eventually emerged from his/her room and chased Lestat away. V1 and W1 then called the police and attempted to treat V1's wounds. V1 only remembers some of his/her medical transport as he/she was in and out of consciousness.

11. Through my investigation I determined that V1 is an enrolled member of the Mescalero Apache tribe, a federally recognized tribe. I learned from multiple witnesses, including Lestat himself, that although he is descendant from enrolled tribal members, has the requisite blood quantum, grew up on the Mescalero Apache reservation, and utilizes tribal services like the Indian Health Service, Lestat is not enrolled in the Mescalero Apache tribe. Regardless of the fact that Lestat is not enrolled, based on my training and experience I believe Lestat qualifies as an Indian under federal law based on his sufficient connection to the Mescalero Apache tribe.

12. After Lestat was arrested, I contacted his tribal public defender to seek consent for the voluntary collection of a hair sample to test for the presence of LSD in order to corroborate the information provided. According to his counsel, Lestat consented, but only to the collection

4

of a single strand of hair. I know from my training and experience that a single strand of hair is often insufficient for laboratory testing. Further, I am aware that LSD can only be detected in hair samples for a limited period of time, and that enough time has passed already that blood and urine samples can no longer reveal its presence. I am therefore seeking a search warrant to collect hair samples sufficient for the purpose of drug testing from the person of Lestat Cree Valdez. I believe there is probable that these hair samples will corroborate or invalidate part of Lestat's version of events where he claimed to have been under the influence of LSD at the time he assaulted the victim. These samples will be considered as evidence of violation of Title 18 U.S.C. 113(a).

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to ~~18 U.S.C. § 2703(c) and~~ *(NOT APPLICABLE. GJF 6/7/23)* Federal Rule of Criminal Procedure 41.

14. I further request that the Court direct Lestat to allow the FBI and/or other law enforcement personnel to collect hair samples for the purpose of testing described above.

Respectfully submitted,

*[signature]*

David S. Gabriel
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on *VIA TELEPHONE* June 7, 2023

*[signature]*

UNITED STATES MAGISTRATE JUDGE

5